# THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY

### v.

## JACOB BOLLER ET AL.

1. LOCOMOTIVES—APPLIANCES TO PREVENT ESCAPE OF FIRE.—In an action for damages alleged to have been caused by the escape of sparks from an engine, it is error to instruct the jury that the defendant must show, not only that the engine was supplied with the best and most approved appliances to prevent the escape of sparks at the time of the fire in question, but also that the engine was originally so constructed. If at the time of the fire it was properly constructed and in good order, that is sufficient.

2. CHAMPERTOUS AGREEMENT.—Whether an agreement between the plaintiff, and his attorney, by which the latter was to pay the expense and carry on the case for a share of the amount recovered, is champertous, and if so, can be set up as a defense to plaintiff's cause of action, the court do not decide.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed January 4, 1881.

This was an action on the case brought by appellee, Jacob Boller, against the Chicago & Northwestern Railway Company to recover damages for the loss by fire of appellee's house, barn, and personal property, alleged to have been occasioned by sparks from the company's locomotive engine while passing near appellee's premises. The declaration alleges that sparks and brands of fire escaped and were thrown from the engine through the carelessness and negligence of the company, and set fire to the plaintiff's barn, and that the fire spread, and was communicated to plaintiff's dwelling house and outhouses, whereby the same, together with certain personal property of

the plaintiff was consumed. Upon the trial, the plaintiff endeavored to show that the engine was insufficiently constructed to prevent the escape of fire and sparks, claiming that it was a certain engine numbered 96, and that the same was not in good order. The defendant company denied that it was No. 96, but was another and different one, numbered 132, and that the same was in good condition, and was provided with the best and most approved appliances to prevent the escape of sparks; and they also denied that the fire was occasioned by sparks from the engine.

The jury found for the plaintiff and assessed his damages at $1500, for which he had judgment, and the defendant brings the case here by appeal.

Mr. B. C. COOK, for appellant; argued that until the plaintiff proved that the fire was set by defendant's engine, the defendant is not required to show anything to relieve it from liability, and this being a fact in dispute, the instruction was erroneous in assuming that the engine set the fire, and cited Barrelett v. Belgard, 71 Ill. 280; Russell v. Minteer, 83 Ill. 150; Frame v. Badger, 79 Ill. 441; Adams v. Smith, 58 Ill. 417; T. P. & W. R. R. Co. v. Patterson, 63 Ill. 304; Chapman v. Stewart, 63 Ill. 332; Cusick v. Campbell, 68 Ill. 508.

The engine was in good condition, supplied with the best and most approved appliances for arresting sparks, and that is all the law requires: C. & A. R. R. Co. v. Pennell, 94 Ill. 448; C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; Murphy v. C. & N. W. R. R. Co. 45 Wis. 222; C. & N. W. R. R. Co. v. Spaulding, 33 Wis. 583.

There was no evidence upon which to base plaintiff's fourth instruction: King v. Haley, 86 Ill. 106; Frantz v. Rose, 99 Ill. 590; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; Russell v. Minteer, 83 Ill. 150; Kenny v. H. & St. J. R. R. Co. 11 Cent. Law Jour. 172.

This was a champertous suit: Thompson v. Reynolds, 73 Ill. 11; Coleman v. Billings, 89 Ill. 183; Norton v. Tuttle, 60 Ill. 130.

Mr. F. W. Forch, for appellee; that where the evidence is conflicting, the finding of the jury will not be disturbed, cited Varner v. Varner, 69 Ill. 445.

As to the liability of the defendant: C. & A. R. R. Co. v. Quaintance, 38 Ill. 389; C. & A. R. R. Co. v. Clampit, 63 Ill. 95.

Champerty cannot be set up as a defense to this action: Hilton v. Woods, 4 Eq. 432; Robinson v. Beall, 26 Geo. 17; Wilson v. Nance, 11 Humph. 189; Hovey v. Hobson, 51 Me. 62; Hall v. Gird, 7 Hill. 586.

Wilson, J.    It became a material question on the trial in the court below, as to whether the locomotive that drew the train was No. 96 or 132. If it was the latter, the proof was uncontradicted and ample that the engine was in good condition and was supplied with the most approved apparatus to prevent the escape of sparks from the smoke-stack.

We think there was a strong preponderance of proof that the engine was No. 132, and not No. 96. The only witness on the part of the plaintiff, who attempted to identify the engine as No. 96, did not see the number, but said he had been in the employ of the company, and knew the engine, as he says, "by her whistle, and everything;" that he knew the engineer and fireman by sight, and swung a lantern to them on the night in question. It was in the night time, and he might easily have been mistaken as to the engine on which they were riding. On the other hand, the engineer swears positively that it was No. 132, and in this he is strongly corroborated by the mileage sheet which he is required to keep and return to the office of the company monthly, and which was introduced in evidence, and it shows that on the night of the fire he ran No. 132. So also the record of the night yard-master, who keeps a record of the arrival and departure of engines, shows the same thing. It would thus seem to be placed beyond dispute that the engine was No. 132.

But assuming the testimony to have been conflicting and equally balanced, the second and third instructions given by the court at the instance of the plaintiff were, in any aspect of

the case, obviously erroneous.   The second instruction was as follows:

"In order to relieve itself from liability in this action, the defendant must not only show that the engine which occasioned the fire was originally constructed with the best and most approved inventions to prevent the escape of fire, but also that at the time of the fire the engine was in good order, and that it was properly and skillfully handled by a competent and skillful engineer."

Whether the engine was originally constructed with the best and most improved inventions to prevent the escape of fire, was wholly immaterial.   The only question was what was its condition at the time of the occurrence complained of.   It may have been constructed prior to the invention of the improved appliances, which were in use at the time of the fire, and these may have been added to it prior to the fire.   If at the time of the fire the engine was properly constructed, and in good condition, it was enough.

The instruction is also erroneous in assuming that the fire was occasioned by sparks from the engine   Whether it was or not, was a controverted question of fact to be passed on by the jury, and, under the issues, the affirmative rested upon the plaintiff.

The third instruction is tainted with the same vice as the second, in respect to the construction of the engine, the jury being told, in effect, that even though the engine may have been perfect at the time of the fire, still the company were liable if it was not originally constructed with the best and most improved inventions.

Whether the agreement between the plaintiff below, and his attorney, by which the latter was to pay the expenses and carry on the suit for a share of the amount recovered, was champertous, and if champertous, can be set up as a bar to the plaintiff's recovery against the defendant in the present suit, or whether it is only available as a defense when the agreement is sought to be enforced as between the parties to it, are questions which it is unnecessary to now determine.

For the error of the court in giving the second and third in-

structions for the plaintiff, the judgment is reversed and the case remanded.

Reversed and remanded.